UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BENJAMIN R. LACORTE,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT GULLO, LISA CHAMLEE BRAINARD,<br><br>Defendants. | Case No. 2:25-cv-01612-RFB-EJY<br><br>**ORDER<br>AND<br>REPORT AND RECOMMENDATION** |

Pending before the Court is Plaintiff's Application to Proceed *in forma pauperis* and Civil Rights Complaint. ECF Nos. 1, 1-1. The Application is incomplete and on the wrong form. Nonetheless, because the Complaint fails to state a claim under 42 U.S.C. § 1983, efficiency prompts the Court to proceed with the recommendations below.

**I.     Plaintiff's *in forma pauperis* Application Is Incomplete And On The Wrong Form.**

Under United States District Court for the District of Nevada Local Special Rule ("LSR") 1-1, "[a]ny person who is unable to prepay the fees in a civil case may apply to the court for leave to proceed *in forma pauperis*. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." Under LSR 1-2, "[w]hen submitting an application to proceed *in forma pauperis*, an incarcerated or institutionalized person must simultaneously submit a certificate from the institution certifying the amount of funds currently held in the applicant's trust account at the institution and the net deposits in the applicant's account for the six months before the date of submission of the application. If the applicant has been at the institution for fewer than six months, the certificate must show the account's activity for this shortened period."

Here, Plaintiff's Application is not on the Court's form and he does not provide the certificate required. These errors could ordinarily be remedied; however, the Court finds Plaintiff's Complaint asserts claims that cannot proceed as stated; hence, no opportunity to correct these defects is recommended.

1

**II.     Plaintiff's Complaint Fails To State A Claim On Which He Can Proceed.**

Plaintiff's first claim for relief alleges he suffered ineffective assistance of counsel in violation of the Sixth Amendment of the United States Constitution. ECF No. 1-1 at 3. U.S. Supreme Court precedent establishes an ineffective assistance of counsel claim must be brought first through a direct appeal and then through a post-conviction habeas corpus petition, not a civil rights action under § 1983 action. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004); *Preiser v. Rodriguez*, 411 U.S. 475, 477 (1973). Thus, this claim should be dismissed without prejudice to allow Plaintiff to proceed, if he so chooses, with a habeas petition under 28 U.S.C. § 2254.

Plaintiff's second claim alleges a Fourteenth Amendment Equal Protection clause claim against his special public defenders. Court appointed criminal defense attorneys are not state actors. *Miranda v. Clark Cnty., Nev.*, 319 F.3d 465, 466 (9th Cir. 2003) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312 (1981)). Thus, when representing an indigent defendant in a state criminal proceeding, the public defender does not act under color of state law for purposes of § 1983 liability. *West v. Atkins*, 487 U.S. 42 (1988). Stated simply, the public defender is not acting on behalf of the state, but as an adversary of the state. *Id*. Thus, Plaintiff cannot proceed under 42 U.S.C. § 1983 on his Fourteenth Amendment Equal Protection claim against his special public defenders.

**III.    Order**

IT IS HEREBY ORDERED that Plaintiff's Application to Proceed *in forma pauperis* (ECF No. 1) is DENIED without prejudice to allow Plaintiff to proceed, if he so chooses, with a habeas corpus petition under 28 U.S.C. § 2254.

IT IS FURTHER ORDERED that the Clerk of Court must file Plaintiff's Complaint (ECF No. 1-1) on the docket.

**IV.    Recommendation**

IT IS HEREBY RECOMMENDED that Plaintiff's Sixth Amendment ineffective assistance of counsel claim be dismissed without prejudice in its entirety to allow Plaintiff to bring his claim through a habeas corpus petition.

IT IS FURTHER RECOMMENDED that Plaintiff's Fourteenth Amendment Equal Protection Clause claim filed against his special public defenders be dismissed with prejudice.

IT IS FURTHER RECOMMENDED that if Plaintiff so chooses, he may file a claim alleging ineffective assistance of counsel through a habeas corpus petition under 28 U.S.C. § 2254.

Dated this 2nd day of September, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

### NOTICE

Under Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court holds the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). The Ninth Circuit also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).